William P. Deni, Jr.
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07012
Tel: (973) 596-4500
Fax: (973) 596-0545

*Attorneys for Plaintiff*
*Merck Sharp & Dohme LLC*

OF COUNSEL:

Mark J. Feldstein
Danielle A. Duszczyszyn
Yieyie Yang
Drew D. Christie
**FINNEGAN, HENDERSON, FARABOW,**
**GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001

Ryan P. O'Quinn
**FINNEGAN, HENDERSON, FARABOW,**
**GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, VA 20190

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MERCK SHARP & DOHME LLC,<br><br>          Plaintiff,<br><br>       v.<br><br>LUPIN LTD.; LUPIN INC.; and LUPIN<br>PHARMACEUTICALS, INC.,<br><br>          Defendants. | Civil Action No. 23-00094<br><br>*Document Electronically Filed* |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Merck Sharp & Dohme LLC ("Merck") brings this Complaint for patent infringement against Defendants Lupin Ltd., Lupin Inc., and Lupin Pharmaceuticals, Inc. and alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, against defendants Lupin Ltd., Lupin Inc., and Lupin Pharmaceuticals, Inc., (collectively, "Lupin" or "Defendant").  This action relates to Abbreviated New Drug Application ("ANDA") No. 217990 ("Raltegravir ANDA") filed by Defendant with the U.S. Food and Drug Administration ("FDA") for approval to market generic versions of Merck's ISENTRESS HD® (raltegravir) drug product prior to expiration of Merck's U.S. Patent No. 7,754,731 (**Exhibit 1**; "the '731 patent"), U.S. Patent No. 9,649,311 (**Exhibit 2**; "the '311 patent"), and U.S. Patent No. 10,772,888 (**Exhibit 3**; "the '888 patent"), that are listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") for ISENTRESS HD® (collectively "the Orange Book Patents").

**THE PARTIES**

2.      Plaintiff Merck is a limited liability company organized and existing under the laws of the State of New Jersey, having a principal place of business at 126 Lincoln Avenue, Rahway, New Jersey 07065.  Merck is a research-driven pharmaceutical company that discovers, develops, manufactures, and markets a broad range of innovative products to improve health.

3.      On information and belief, Defendant Lupin Ltd. ("Lupin Ltd.") is a corporation organized and existing under the laws of India, having a place of business at B/4 Laxmi Towers, Bandra Kurla Complex Bandra (E), Mumbai, 400 051, India, and a registered office at Kalpataru Inspire, 3rd Floor, Off. Western Expressway Highway, Santacruz (East), Mumbai 400 055, India. On information and belief, Lupin Ltd. itself and through its affiliates and subsidiaries, including Lupin Inc. and Lupin Pharmaceuticals, Inc., formulates, manufactures, packages, and markets generic versions of branded pharmaceutical drugs for distribution in the District of New Jersey and throughout the United States.

4. On information and belief, Defendant Lupin Inc. ("Lupin Inc.") is a corporation organized and existing under the laws of the State of Delaware, having places of business at 111 South Calvert Street, 21st Floor, Baltimore, Maryland 21202 and 400 Campus Drive, Somerset, New Jersey 08873. On information and belief, Lupin Inc. itself and through its affiliates and subsidiaries, including Lupin Ltd. and Lupin Pharmaceuticals, Inc., formulates, manufactures, packages, and markets generic versions of branded pharmaceutical drugs for distribution in the District of New Jersey and throughout the United States. On information and belief, Lupin Inc. is a wholly owned subsidiary of Lupin Ltd.

5. On information and belief, Defendant Lupin Pharmaceuticals, Inc. ("Lupin Pharm.") is a corporation organized and existing under the laws of Delaware, with a principal place of business at 111 South Calvert Street, 21st Floor, Baltimore, Maryland 21202. On information and belief, Lupin Pharm. itself and through its affiliates and subsidiaries, including Lupin Ltd. and Lupin Inc., formulates, manufactures, packages, and markets generic versions of branded pharmaceutical drugs for distribution in the District of New Jersey and throughout the United States. On information and belief, Lupin Pharm. is a subsidiary of Lupin Ltd. and Lupin Inc.

## JURISDICTION AND VENUE

6. Each of the preceding paragraphs 1–5 is re-alleged and re-incorporated as if fully set forth herein.

7. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

8. On information and belief, Lupin Ltd. and its subsidiaries Lupin Inc. and Lupin Pharm. hold themselves out as a unitary entity where Lupin Ltd. directs and controls its subsidiaries in the manufacture, importation, offer for sale, sale, and distribution of generic

products in the United States, including New Jersey. For instance, on information and belief, Lupin is "vertically integrated, from process development of the API to the submission of dossiers for finished dosages." *See* Ex. 4 at 1. Lupin's "manufacturing is also integrated." *See id.* at 1–2. Further, on information and belief, Lupin Inc. and Lupin Pharm. share common members of their Board of Directors. *See* Ex. 5 at 188, 194.

9.      On information and belief, Lupin Inc. is an agent of Lupin Ltd. and acts at the direction, and for the benefit, of Lupin Ltd., and is controlled and/or dominated by Lupin Ltd. For instance, on information and belief, Lupin Inc. is a wholly owned subsidiary of Lupin Ltd. and files consolidated financial reports with Lupin Ltd. *See* Ex. 5 at 275, 318. Lupin Ltd.'s 2021 Integrated Annual Report ("2021 Report") notes that "[f]rom time to time, Lupin Inc. (LI) and its subsidiaries are involved in various intellectual property claims and legal proceedings, *which are considered normal to its business*, the liability, if any, may fall on Lupin Limited." Ex. 5 at 277 (emphasis added). The 2021 Report further explains that Lupin Ltd. provides "financial, technical and operational support" for Lupin Inc. *See* Ex. 5 at 300.

10.     On information and belief, Lupin Pharm. is an agent of Lupin Ltd. and acts at the direction, and for the benefit, of Lupin Ltd., and is controlled and/or dominated by Lupin Ltd. For instance, on information and belief, Lupin Pharm. is a wholly owned subsidiary of Lupin Ltd. and files consolidated financial reports with Lupin Ltd. *See* Ex. 5 at 275, 318. Further, on information and belief, Lupin Ltd.'s "Global Presence" webpage explains that "Lupin Pharmaceuticals Inc., established in 2003 in Baltimore, Maryland, currently has five offices along the US East Coast with its salesforce across the country" and that "Lupin is present in the US through manufacturing, research and development, and commercial divisions for generics, complex generics, biosimilars and branded pharmaceuticals." Ex. 6 at 2; *see also* Ex. 5 at 17 ("Lupin Pharmaceuticals Inc. U.S.,

formed for commercialization activities in the U.S."). On information and belief, Lupin Ltd.'s 2021 Report notes that Lupin Ltd. guarantees the debts of Lupin Pharm. *See* Ex. 5 at 406.

11.     This Court has personal jurisdiction over Lupin Ltd.

12.     On information and belief, Lupin Ltd. directly and/or indirectly through, and/or in concert with Lupin Inc., and/or Lupin Pharm., has committed an act of infringement in this judicial district by preparing, aiding in the preparation, and/or filing ANDA No. 217990 with the intent to make, use, sell, offer for sale, and/or import the generic raltegravir product(s) in or into this judicial district, prior to the expiration of the '731, '311, and '888 patents. Lupin Ltd. sent the Notice Letter for ANDA No. 217990 to Merck at 126 East Lincoln Avenue, Rahway, New Jersey 07065. On information and belief, Lupin Ltd. directly and/or indirectly through, and/or in concert with Lupin Inc. and/or Lupin Pharm. will engage in marketing, sale, and distribution of the generic raltegravir product(s) in New Jersey upon approval of its ANDA. On information and belief, such generic raltegravir product(s) will be prescribed by physicians practicing in New Jersey, dispensed by pharmacies located within New Jersey, and used by patients in New Jersey. Additionally, on information and belief, Lupin Ltd. directly and/or indirectly through, and/or in concert with Lupin Inc. and/or Lupin Pharm., will offer its generic raltegravir product(s) for sale and place them into the stream of commerce with the awareness, knowledge, and intent that they would be used, offered for sale, and/or sold by others in New Jersey and/or purchased by consumers in New Jersey.

13.     On information and belief, Lupin Ltd. has engaged in systematic and continuous business contacts within the State of New Jersey. For instance, Lupin Ltd. directly and/or indirectly through, and/or in concert with Lupin Inc. and/or Lupin Pharm., operates a commercial manufacturing facility at 400 Campus Drive, Somerset, New Jersey 08873. Lupin's website explains that "Lupin's New Jersey facility encompasses all functional areas of pharmaceutical

manufacturing including quality control, packaging, production, quality assurance, regulatory affairs, research and development, formulation, and technical services" and that "Somerset, NJ Campus is … home to Lupin's U.S. sales and marketing operations teams for the Specialty division." Ex. 7 at 2. On information and belief, Lupin Ltd. actively contracts with, *inter alia*, Lupin Inc. and/or Lupin Pharm., which operate in New Jersey, to develop, manufacture, import, market, distribute, offer for sale, and/or sell generic drugs throughout the United States, including New Jersey. *See* Ex. 5 at 172 (Lupin Ltd. 2021 Report disclosing that Lupin Ltd. contracts "continuous[ly]" with Lupin Pharm. for "Sale of Goods"); *see also id* at 407. On information and belief, Lupin Ltd. also operates an interactive website that is viewable in New Jersey and advertises its generic drug products.

14.     Further, on information and belief, Lupin Ltd. directly and/or indirectly through, and/or in concert with Lupin Inc. and/or Lupin Pharm. has established distribution channels for its generic drug products in New Jersey and derives substantial revenue from the sale of drug products in New Jersey. For instance, on information and belief, Lupin Pharm. is registered as a "Manufacturer and Wholesale" with the State of New Jersey's Department of Health under Registration Nos. 5004060 and 5005159. On information and belief, Lupin Pharm. is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID Nos. 0100953673 and 0101043376.

15.     In the alternative, this Court has jurisdiction over Lupin Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because, *inter alia*, (a) Merck's claims arise under federal law; (b) Lupin Ltd. is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Lupin Ltd. has substantial contacts with the United States as a whole, including, but not limited to participating in the preparation and submission of the Raltegravir ANDA and/or manufacturing,

importing, offering for sale, and selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Lupin Ltd. satisfies due process.

16. On information and belief, Lupin Ltd. has availed itself of the rights, benefits, and privileges of this Court by filing a complaint in the District of New Jersey in at least *Lupin Ltd. v. Merck, Sharp & Dohme Corp.*, Civil Action No. 10-00683. Additionally, on information and belief, Lupin Ltd. availed itself of the rights, benefits, and privileges of this Court by asserting counterclaims in at least the following District of New Jersey actions: *Jazz Pharm., Inc. v. Lupin Ltd.*, Civil Action No. 13-00391; *Horizon Pharma Ireland Ltd. v. Lupin Ltd.*, Civil Action No. 15-06935; *Senju Pharm. Co., Ltd. v. Lupin Ltd.*, Civil Action No. 16-01097; *Sun Pharma Global FZE v. Lupin Ltd.*, Civil Action No. 18-02213; *Valeant Pharm. N. Am. LLC v. Lupin Ltd.*, Civil Action No. 18-13700.

17. On information and belief, Lupin Ltd. has consented to or did not contest jurisdiction in New Jersey in at least the following prior cases arising out of the filings of its ANDAs: *Jazz Pharm., Inc. v. Lupin Ltd.*, Civil Action No. 13-00391; *Otsuka Pharm. Co., Ltd. v. Lupin Ltd.*, Civil Action No. 14-07105; *Horizon Pharma Ireland Ltd. v. Lupin Ltd.*, Civil Action No. 15-06935; *Senju Pharm. Co., Ltd. v. Lupin Ltd.*, Civil Action No. 16-01097; *Sun Pharma Global FZE v. Lupin Ltd.*, Civil Action No. 18-02213; *Boehringer Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, Civil Action No. 18-12663; *Valeant Pharm. N. Am. LLC v. Lupin Ltd.*, Civil Action No. 18-13700; *Boehringer Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, Civil Action No. 18-16708; *Bausch Health Ireland Ltd. v. Lupin Ltd.*, Civil Action No. 19-09178.

18. This Court has personal jurisdiction over Lupin Inc.

19. On information and belief, Lupin Inc. directly and/or indirectly through, and/or in concert with Lupin Ltd., and Lupin Pharm. has committed an act of infringement in this judicial

district by preparing, aiding in the preparation, and/or filing ANDA No. 217990 with the intent to make, use, sell, offer for sale, and/or import the generic raltegravir product(s) in or into this judicial district, prior to the expiration of the '731, '311, and '888 patents. On information and belief, Lupin Inc. will benefit directly if the Raltegravir ANDA is approved by participating in the manufacture, importation, marketing, distribution, and/or sale, of generic raltegravir products in New Jersey. On information and belief, such generic raltegravir product(s) will be prescribed by physicians practicing in New Jersey, dispensed by pharmacies located within New Jersey, and used by patients in New Jersey. Additionally, on information and belief, Lupin Inc. directly, and/or indirectly through, and/or in concert with Lupin Ltd. and/or Lupin Pharm., will offer the generic raltegravir product(s) for sale and place them into the stream of commerce with the awareness, knowledge, and intent that they would be used, offered for sale, and/or sold by others in New Jersey and/or purchased by consumers in New Jersey.

20.     On information and belief, Lupin Inc. has engaged in systematic and continuous business contacts within the State of New Jersey. For instance, on information and belief, Lupin Inc. directly, and/or indirectly through, and/or in concert with Lupin Ltd. and/or Lupin Pharm, operates a manufacturing and research facility at 400 Campus Drive, Somerset, New Jersey 08873. On information and belief, Lupin Inc. directly, and/or indirectly through, and/or in concert with Lupin Ltd. and/or Lupin Pharm., manufactures, markets, distributes, and sells generic drug products, throughout the United States, including this judicial district. On information and belief, Lupin Inc., directly or indirectly, derives substantial revenue from selling generic pharmaceutical products/and or active pharmaceutical ingredients used in generic pharmaceutical products in New Jersey.

21.     On information and belief, Lupin Inc. availed itself of the rights, benefits, and privileges of this Court by asserting counterclaims, for example, in at least the following District of New Jersey actions: *Jazz Pharm., Inc. v. Lupin Ltd.*, Civil Action No. 13-00391; *Bausch Health Ireland Ltd. v. Lupin Ltd.*, Civil Action No. 19-09178.

22.     On information and belief, Lupin Inc. consented to or did not contest jurisdiction of this Court, for example, in at least the following District of New Jersey actions: *Jazz Pharm., Inc. v. Lupin Ltd.*, Civil Action No. 13-00391; *Endo Pharm., Inc. v. Lupin Atlantis Holdings SA*, Civil Action No. 18-10952; *Bausch Health Ireland Ltd. v. Lupin Ltd.*, Civil Action No. 19-09178.

23.     This Court has jurisdiction over Lupin Pharm.

24.     On information and belief, Lupin Pharm. directly, and/or indirectly through, and/or in concert with Lupin Ltd. and Lupin Inc., has committed an act of infringement in this judicial district by preparing, aiding in the preparation, and/or filing ANDA No. 217990 with the intent to make, use, sell, offer for sale, and/or import its generic raltegravir product(s) in or into this judicial district, prior to the expiration of the '731, '311, and '888 patents. *See e.g.*, Ex. 5 at 276 ("Lupin Pharmaceuticals, Inc. (LPI) a step-down wholly owned subsidiary of the Company, is involved in government investigations and litigation arising from the marketing and promotion of its pharmaceutical products in the United States."); *see also id*. at 393.  On information and belief, Lupin Pharm. will benefit directly if the Raltegravir ANDA is approved by participating in the manufacture, importation, marketing, distribution, and/or sale, of generic raltegravir products in New Jersey.  On information and belief, such generic raltegravir product(s) will be prescribed by physicians practicing in New Jersey, dispensed by pharmacies located within New Jersey, and used by patients in New Jersey.  Additionally, on information and belief, Lupin Pharm. directly, and/or indirectly through, and/or in concert with Lupin Ltd. and/or Lupin Inc., will offer the

generic raltegravir product(s) for sale and place them into the stream of commerce with the awareness, knowledge, and intent that they would be used, offered for sale, and/or sold by others in New Jersey and/or purchased by consumers in New Jersey.

25. On information and belief, Lupin Pharm. has engaged in systematic and continuous business contacts within the State of New Jersey. For instance, on information and belief, Lupin Pharm. directly, and/or indirectly through, and/or in concert with Lupin Ltd. and/or Lupin Inc., operates a manufacturing and research facility at 400 Campus Drive, Somerset, New Jersey 08873. On information and belief, Lupin Pharm. is registered as a "Manufacturer and Wholesale" with the State of New Jersey's Department of Health under Registration Nos. 5004060 and 5005159. On information and belief, Lupin Pharm. is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID Nos. 0100953673 and 0101043376. On information and belief, Lupin Pharm. directly or indirectly manufactures, markets, distributes, and sells generic drug products, throughout the United States, including this judicial district. On information and belief, Lupin Inc., directly, and/or indirectly, derives substantial revenue from selling generic pharmaceutical products/and or active pharmaceutical ingredients used in generic pharmaceutical products in New Jersey.

26. On information and belief, Lupin Pharm. has availed itself of the rights, benefits, and privileges of this Court by filing a complaint in the District of New Jersey in at least *Lupin Ltd. v. Merck, Sharp & Dohme Corp.*, Civil Action No. 10-00683. On information and belief, Lupin Pharm availed itself of the rights, benefits, and privileges of this Court by asserting counterclaims in at least the following District of New Jersey action: *Jazz Pharm., Inc. v. Lupin Ltd.*, Civil Action No. 13-00391.

27.    On information and belief, Lupin Pharm. consented to or did not contest jurisdiction of this Court, for example, in at least the following District of New Jersey actions: *Jazz Pharm., Inc. v. Lupin Ltd.*, Civil Action No. 13-00391; *Otsuka Pharm. Co., Ltd. v. Lupin Ltd.*, Civil Action No. 14-07105; *Horizon Pharma Ireland Ltd. v. Lupin Ltd.*, Civil Action No. 15-06935; *Senju Pharm. Co., Ltd. v. Lupin Ltd.*, Civil Action No. 16-01097; *Sun Pharma Global FZE v. Lupin Ltd.*, Civil Action No. 18-02213; *Valeant Pharm. N. Am. LLC v. Lupin Ltd.*, Civil Action No. 18-13700; *Bausch Health Ireland Ltd. v. Lupin Ltd.*, Civil Action No. 19-09178.

28.    On information and belief, venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and (d), and 1400(b).

29.    Lupin Ltd., Lupin Inc., and/or Lupin Pharm. did not contest venue in this judicial district in at least the following actions: *Jazz Pharm., Inc. v. Lupin Ltd.*, Civil Action No. 13-00391 (Lupin Inc., Lupin Ltd., and Lupin Pharm.); *Otsuka Pharm. Co., Ltd. v. Lupin Ltd.*, Civil Action No. 14-07105 (Lupin Ltd. and Lupin Pharm.); *Horizon Pharma Ireland Ltd. v. Lupin Ltd.*, Civil Action No. 15-06935 (Lupin Ltd. and Lupin Pharm.); *Senju Pharm. Co., Ltd. v. Lupin Ltd.*, Civil Action No. 16-01097 (Lupin Ltd. and Lupin Pharm.); *Sun Pharma Global FZE v. Lupin Ltd.*, Civil Action No. 18-02213 (Lupin Ltd. and Lupin Pharm.); *Endo Pharm., Inc. v. Lupin Atlantis Holdings SA*, Civil Action No. 18-10952 (Lupin Inc.); *Boehringer Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, Civil Action No. 18-12663 (Lupin Ltd.); *Valeant Pharm. N. Am. LLC v. Lupin Ltd.*, Civil Action No. 18-13700 (Lupin Ltd. and Lupin Pharm.); *Boehringer Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, Civil Action No. 18-16708 (Lupin Ltd.); *Bausch Health Ireland Ltd. v. Lupin Ltd.*, Civil Action No. 19-09178 (Lupin Ltd., Lupin Inc., and Lupin Pharm.).

30.     Venue is proper in the District of New Jersey for Lupin Ltd. because it is an Indian corporation not resident in the United States and thus venue is proper in any judicial district that has personal jurisdiction, including the District of New Jersey.

31.     On information and belief, venue is proper against Lupin Inc. because, *inter alia*, it maintains a regular and established place of business in this judicial district and has committed an act of infringement in this judicial district.

32.     Venue is proper against Lupin Pharm. because, *inter alia*, it maintains a regular and established place of business in this judicial district and has committed an act of infringement in this judicial district.

## PATENTS-IN-SUIT

33.     On July 13, 2010, the U.S. Patent and Trademark Office duly and legally issued the '731 patent, entitled "Potassium Salt of an HIV Integrase Inhibitor."  A true and correct copy of the '731 patent is attached hereto as **Exhibit 1**.  The claims of the '731 patent are valid and enforceable.  Merck is the owner of the '731 patent by assignment and has the right to enforce it.

34.     On May 16, 2017, the U.S. Patent and Trademark Office duly and legally issued the '311 patent, entitled "Solid Pharmaceutical Compositions Containing an Integrase Inhibitor." A true and correct copy of the '311 patent is attached hereto as **Exhibit 2**.  The claims of the '311 patent are valid and enforceable.  Merck is the owner of the '311 patent by assignment and has the right to enforce it.

35.     On September 15, 2020, the U.S. Patent and Trademark Office duly and legally issued the '888 patent, entitled "Solid Pharmaceutical Compositions Containing an Integrase Inhibitor."  A true and correct copy of the '888 patent is attached hereto as **Exhibit 3**.  The claims of the '888 patent are valid and enforceable.  Merck is the owner of the '888 patent by assignment and has the right to enforce it.

36.    Merck is the holder of NDA No. 022145 by which FDA granted approval for the marketing and sale of raltegravir tablets in 400 mg and 600 mg dosage strengths, for the treatment of HIV.    Merck markets raltegravir tablets in the United States under the trade names "ISENTRESS®" and "ISENTRESS HD®."    FDA's official publication of approved drugs, the Orange Book, includes ISENTRESS HD® at a 600 mg dosage strength together with the Orange Book Patents (including the '731, '311, and '888 patents).

## DEFENDANT'S INFRINGING ACTIVITIES

37.    Each of the preceding paragraphs 1–36 is re-alleged and re-incorporated as if fully set forth herein.

38.    By letter dated November 25, 2022, addressed to Merck ("Notice Letter"), Lupin notified Merck that Lupin had submitted its Raltegravir ANDA to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)).    The Notice Letter states that Lupin is seeking approval from FDA to engage in the commercial manufacture, use, and sale of generic raltegravir product(s) before the expiration of, *inter alia*, the '731, '311, and '888 patents. On information and belief, the Raltegravir ANDA seeks approval of Lupin's generic raltegravir product(s) that are the same, or substantially the same as Merck's ISENTRESS HD®.

39.    On information and belief, Lupin Ltd., Lupin Inc., and Lupin Pharm., through their own actions and/or the actions of their agents, affiliates, and subsidiaries, intend to engage in the importation, commercial manufacture, offer for sale, and sale of generic raltegravir product(s) after receiving FDA approval to do so.    On information and belief, if the FDA approves Lupin's Raltegravir ANDA, Lupin Ltd., Lupin Inc., and Lupin Pharm., through their own actions and through the actions of their agents, affiliates, and subsidiaries, will actively induce or contribute to the manufacture, use, offer for sale, sale, or importation of generic raltegravir product(s) in or into the United States.

40. In the Notice Letter, Lupin notified Merck that its Raltegravir ANDA contained a "Paragraph IV certification" asserting that the '731, '311, and '888 patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Lupin's generic raltegravir product(s).

41. Upon information and belief, Lupin's actions related to the Raltegravir ANDA complained of herein were done at the direction of, with the authorization of, or with the cooperation, the participation, the assistance of, or at least in part for the benefit of Lupin Ltd., Lupin Inc., and Lupin Pharm.

42. This Complaint is being filed before the expiration of the forty-five days from the date Merck received the Notice Letter.

**COUNT I**
**<u>INFRINGEMENT OF THE '731 PATENT</u>**

43. Each of the preceding paragraphs 1–42 is re-alleged and re-incorporated as if fully set forth herein.

44. Defendant's submission of the Raltegravir ANDA with a Paragraph IV certification against the '731 patent to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of generic raltegravir product(s) prior to the expiration of the '731 patent constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

45. On information and belief, Defendant had actual knowledge of the '731 patent since the filing of the Raltegravir ANDA and at least since November 25, 2022, when the Notice Letter was sent to Merck.

46. Upon information and belief, Defendant's generic raltegravir product(s) will, if approved and marketed, infringe at least one claim of the '731 patent.

47. On information and belief, upon FDA approval of Defendant's Raltegravir ANDA, Defendant will further infringe, literally or under the doctrine of equivalents, at least one claim of the '731 patent directly under 35 U.S.C. § 271(a), by inducement under 35 U.S.C. § 271(b), contributorily under 35 U.S.C. § 271(c), and/or under 35 U.S.C. § 271(g) by making, using, offering to sell, marketing, and selling its generic raltegravir product(s) in the United States and/or importing such product(s) into the United States, unless enjoined by the Court.

48. If Defendant's marketing and sale of generic raltegravir product(s) prior to expiration of the '731 patent and all other relevant exclusivities is not enjoined, Merck will suffer substantial and irreparable harm for which there is no remedy at law.

## COUNT II
## INFRINGEMENT OF THE '311 PATENT

49. Each of the preceding paragraphs 1–48 is re-alleged and re-incorporated as if fully set forth herein.

50. Defendant's submission of the Raltegravir ANDA with a Paragraph IV certification against the '311 patent to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of generic raltegravir product(s) prior to the expiration of the '311 patent constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

51. On information and belief, Defendant had actual knowledge of the '311 patent since the filing of the Raltegravir ANDA and at least since November 25, 2022, when the Notice Letter was sent to Merck.

52. Upon information and belief, Defendant's generic raltegravir product(s) will, if approved and marketed, infringe at least one claim of the '311 patent.

53. On information and belief, upon FDA approval of Defendant's Raltegravir ANDA, Defendant will further infringe, literally or under the doctrine of equivalents, at least one claim of

the '311 patent directly under 35 U.S.C. § 271(a), by inducement under 35 U.S.C. § 271(b), and/or contributorily under 35 U.S.C. § 271(c) by making, using, offering to sell, marketing, and/or selling its generic raltegravir product(s) in the United States, unless enjoined by the Court.

54. If Defendant's marketing and sale of generic raltegravir product(s) prior to expiration of the '311 patent and all other relevant exclusivities is not enjoined, Merck will suffer substantial and irreparable harm for which there is no remedy at law.

<u>**COUNT III**</u>
<u>**INFRINGEMENT OF THE '888 PATENT**</u>

55. Each of the preceding paragraphs 1–54 is re-alleged and re-incorporated as if fully set forth herein.

56. Defendant's submission of the Raltegravir ANDA to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of generic raltegravir product(s) prior to the expiration of the '888 patent constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

57. On information and belief, Defendant had actual knowledge of the '888 patent at least since November 25, 2022, when the Notice Letter was sent to Merck.

58. Upon information and belief, Defendant's generic raltegravir product(s) will, if approved and marketed, infringe at least one claim of the '888 patent.

59. On information and belief, upon FDA approval of Defendant's Raltegravir ANDA, Defendant will further infringe, literally or under the doctrine of equivalents, at least one claim of the '888 patent directly under 35 U.S.C. § 271(a), by inducement under 35 U.S.C. § 271(b), and/or contributorily under 35 U.S.C. § 271(c) by making, using, offering to sell, marketing, and/or selling its generic raltegravir product(s) in the United States, unless enjoined by the Court.

60.     If Defendant's marketing and sale of generic raltegravir product(s) prior to expiration of the '888 patent and all other relevant exclusivities is not enjoined, Merck will suffer substantial and irreparable harm for which there is no remedy at law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Merck respectfully request that this Court enter judgment in its favor and against Defendant and grant the following relief:

A.     A judgment that the claims of the '731, '311, and '888 patents are not invalid, not unenforceable, and are infringed by Defendant's submission of its Raltegravir ANDA, and that Defendant's making, using, offering to sell, or selling in the United States, or importing into the United States Defendant's generic raltegravir product(s) will infringe the '731, '311, and '888 patents.

B.     An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any approval of Defendant's Raltegravir ANDA shall be a date which is not earlier than the latest expiration date of the '731, '311, and '888 patents, including any extensions and/or additional periods of exclusivity to which Merck is or becomes entitled.

C.     An order permanently enjoining Defendant, its affiliates, subsidiaries, and each of its officers, agents, servants and employees, and those acting in privity or concert with them, from making, using, offering to sell, or selling in the United States, or importing into the United States Defendant's generic raltegravir product(s) until after the latest expiration date of the '731, '311, and '888 patents, including any extensions and/or additional periods of exclusivity to which Merck is or becomes entitled.

D.     Damages or other monetary relief to Merck if Defendant engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of Defendant's generic raltegravir product(s) prior to the latest expiration date of the '731, '311, and '888 patents,

including any extensions and/or additional periods of exclusivity to which Merck is or becomes entitled.

E.      Such further and other relief as this Court deems proper and just, including any appropriate relief under 35 U.S.C. § 285.

Dated: January 9, 2023                                  Respectfully submitted,
        Newark, New Jersey

                                                        s/ William P. Deni, Jr.
                                                        William P. Deni, Jr.
                                                        J. Brugh Lower
                                                        **GIBBONS P.C.**
                                                        One Gateway Center
                                                        Newark, New Jersey 07102
                                                        Tel: (973) 596-4500
                                                        Fax: (973) 596-0545
                                                        wdeni@gibbonslaw.com
                                                        jlower@gibbonslaw.com

                                                        *Attorneys for Plaintiff*
                                                        *Merck Sharp & Dohme LLC*

OF COUNSEL:

Mark J. Feldstein (*pro hac vice* to be submitted)
Danielle A. Duszczyszyn (*pro hac vice* to be submitted)
Yieyie Yang (*pro hac vice* to be submitted)
Drew D. Christie (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON, FARABOW,**
**GARRETT & DUNNER, LLP**
901 New York Ave., N.W.
Washington, DC 20001
(202) 408-4000

Ryan P. O'Quinn (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON, FARABOW,**
**GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, VA 20190
(571) 203-2700